# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY LILLIE; LEAH FARR; KENNETH DOUGHERTY; CHARLES WHITE; MARTHA JEAN WITMER; SHARON WITMER; OLIVIA SUE WARNOCK; CLYDE J. CHISHOLM; RONALD MCMORRIS; ARTHUR ORDOYNE; WILLIAM DAWSON; TERRY TULLIS; JAMES STEGALL; ANTHONY VENTRELLA; ROBERT SMITH; THOMAS SLAUGHTER; LARRY PERKINS; WILLIAM PHILLIPS; CHARLES HART; RICHARD FEUCHT; LONNIE ORDOYNE; ARTHUR WAXLEY; DARRELL COURVILLE; MERRILL LAPLANTE; JAMES BROWN; IRA CAUSEY; JERRY BURRIS; JACQUELINE MILLET; LOUIS MIER; MAMIE BAUMANN; CHARLES SANCHEZ; JOSEPH CHUSTZ, JR.; ROBERT BUSH; BOBBY NIX; CLAUDE MARQUETTE; GWEN FABRE; ROBERT SCHWENDIMANN; WANDA BEVIS; TERRY TARVER; MARCEL DUMESTRE; RONALD VALENTINE; BENNIE O'REAR; JULIE SAVOY; LAURA LEE; DENNIS KIRBY BILLIE RUTH MCMORRIS; LARRY SMITH; KENNETH WILKEWITZ; MURPHY BUELL; KERRY KLING; LYNN GILDERSLEEVE MICHELLI; WILLA MAE GILDERSLEEVE; ANITA ELLEN CARTER; FRED DEMAREST; NANCY GILL; LINDA BOYD; VIRGINIA BUSCHEME; ROBERT GILDERSLEEVE; WALTER STONE; VIRGINIA MCMORRIS; CAROL STEGALL; MONTY PERKINS; JOAN FEUCHT; KATHLEEN MIER; MAMIE SANCHEZ; MARGARET S. NIX; MARGARET DUMESTRE; CLAUDIA O'REAR; GORDON C. GILL; JOHN BUSCHEME; CHARLIE L. MASSEY; GARY MAGEE; WILLIAM BRUCE JOHNSON; DEBORAH S. FORBES; THOMAS E. BOWDEN; TERENCE BEVEN, M.D.; KENDALL FORBES; RALPH D. D'AMORE; DANIEL P. LANDRY; RONALD R. MARSTON; RODNEY P. STARKEY; STEPHEN WILSON; JEANNE ANNE MAYHALL; JOHN WADE; LYNN J. PHILIPPE; LISA SCRANTZ; JAMES ROLAND; SUSAN ROLAND; AND MICHAEL J. GIAMBRONE, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | CIVIL ACTION NO. <br><br> JUDGE: _____ <br><br> MAGISTRATE: _____ |
| Plaintiffs, | * | |

1

|  |  |
|---|---|
| Versus | * * * |
| STANFORD TRUST COMPANY, STATE OF LOUISIANA, OFFICE OF FINANCIAL INSTITUTIONS, SEI INVESTMENTS COMPANY, SEI PRIVATE TRUST COMPANY, CONTINENTAL CASUALTY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON INDIAN HARBOR INSURANCE COMPANY, NUTMEG INSURANCE COMPANY ARCH INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ENDURANCE SPECIALTY INSURANCE, LTD., | * * * * * * * * * * * * * |
| Defendants. | * * |

*****************************************************

## NOTICE OF REMOVAL

Defendants Allied World Assurance Company (U.S.) Inc., Continental Casualty Company, Arch Insurance Company, Indian Harbor Insurance Company, Nutmeg Insurance Company, and Certain Underwriters at Lloyd's of London subscribing to Policy Nos. FD0805144, FD0805145, FD0805146, FD0805149 ("Lloyd's Underwriters") (together, "Insurer Defendants") hereby remove to this Court the state court action described below. The state court action is removable under the Class Action Fairness Act ("CAFA") because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000 and there is minimal diversity.[1]

### BACKGROUND

1. On or about, February 13, 2013, Plaintiffs served a First Amended and Restated Class Action Petition in the 19th Judicial District Court, Parish of East Baton Rouge, State of

---

[1] Although Stanford Trust Company remains in the caption of this case, Stanford Trust Company was voluntarily dismissed by Plaintiffs in the state court.

Louisiana, entitled *Troy Lillie, et al. v. Stanford Trust Company, et. al.*, No. 581-670 (Section 24) ("Amended Petition"). There are 89 named plaintiffs ("Plaintiffs"). According to the Amended Petition, the claims "arise out of the collapse of the Stanford Group and its related companies and affiliates" (Am. Pet. ¶ 4) and Plaintiffs "invested all of their retirement life savings with Stanford Trust" (*id.* ¶ 5). Plaintiffs are "representatives of a class of all persons, who are grantors, or beneficiaries of IRA accounts or Trust accounts for whom Stanford Trust purchased [Stanford International Bank] certificates of deposits ("SIB CDs")." (*Id.* ¶ 1.)

2. The named plaintiffs are: Troy Lillie; Leah Farr; Kenneth Dougherty; Charles White; Martha Jean Witmer; Sharon Witmer; Olivia Sue Warnock; Clyde J. Chisholm; Ronald McMorris; Arthur Ordoyne; William Dawson; Terry Tullis; James Stegall; Anthony Ventrella; Robert Smith; Thomas Slaughter; Larry Perkins; William Phillips; Charles Hart; Richard Feucht; Lonnie Ordoyne; Arthur Waxley; Darrell Courville; Merrill Laplante; James Brown; Ira Causey; Jerry Burris; Jacqueline Millet; Louis Mier; Mamie Baumann; Charles Sanchez; Joseph Chustz, Jr.; Robert Bush; Bobby Nix; Claude Marquette; Gwen Fabre; Robert Schwendimann; Wanda Bevis; Terry Tarver; Marcel Dumestre; Ronald Valentine; Bennie O'Rear; Julie Savoy; Laura Lee; Dennis Kirby Billie Ruth McMorris; Larry Smith; Kenneth Wilkewitz; Murphy Buell; Kerry Kling; Lynn Gildersleeve Michelli; Willa Mae Gildersleeve; Anita Ellen Carter; Fred Demarest; Nancy Gill; Linda Boyd; Virginia Buscheme; Robert Gildersleeve; Walter Stone; Virginia McMorris; Carol Stegall; Monty Perkins; Joan Feucht; Kathleen Mier; Mamie Sanchez; Margaret S. Nix; Margaret Dumestre; Claudia O'Rear; Gordon C. Gill; John Buscheme; Charlie L. Massey; Gary Magee; William Bruce Johnson; Deborah S. Forbes; Thomas E. Bowden; Terence Beven, M.D.; Kendall Forbes; Ralph D. D'Amore; Daniel P. Landry; Ronald R.

Marston; Rodney P. Starkey; Stephen Wilson; Jeanne Anne Mayhall; John Wade; Lynn J. Philippe; Lisa Scrantz; James Roland; Susan Roland; Michael J. Giambrone.

3.      In the Amended Petition, Plaintiffs named seven new defendants, all of whom were insurers of SEI Investments Company and/or SEI Private Trust Company ("SEI"). Six of those defendants join in this motion: Allied World Assurance Company (U.S.) Inc., Continental Casualty Company, Arch Insurance Company, Indian Harbor Insurance Company, Nutmeg Insurance Company, and Lloyd's Underwriters.[2]

4.      Plaintiffs allege that SEI Investments Company and/or SEI Private Trust Company violated the Louisiana Securities Law by, *inter alia*, misrepresenting and omitting certain information about the SIB CDs. (*See generally* Amended Petition.)

5.      As required by 28 U.S.C. § 1446(a), the Insurer Defendants have attached all pleadings and service returns served on them in the state court proceeding. *See* Exhibit A.

6.      Insurer Defendants were served with the Amended Petition through the Secretary of State on February 13, 2013. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Plaintiffs' attorney was served with notice of the removal on March 11, 2013. Therefore, the adverse party here was properly given notice under 28 U.S.C. § 1446(d).[3]

7.      Plaintiffs' Amended Petition is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000, and there is minimal diversity.

8.      Consent of all other defendants in this action is not required under CAFA. *See* 28 U.S.C. § 1453(b).

---

[2]   Insurer Defendants understand that the seventh insurer, Endurance Specialty Insurance, Ltd., is a Bermuda corporation and has not been served in this case.

[3]   Lloyd's Underwriters were served via the Louisiana Long Arm Statute on February 8, 2013.

**I.      THIS COURT HAS JURISDICTION UNDER CAFA.**

9.      CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a State different from that of any defendant; and in which the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

10.     This suit satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in Plaintiffs' Amended Petition, the state court class certification hearing transcript and order transcript, and other evidence: (A) the putative class exceeds 100; (B) some of the members of the proposed class have a different citizenship from SEI, a defendant here; and, (C) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). No exception from the dictates of CAFA applies, and removal is proper.

  **A.      The Putative Class Size Exceeds 100.**

11.     CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). Plaintiffs have alleged 89 named Plaintiffs. (*See* Am. Pet. ¶ 1.) At the initial class certification hearing, state court Judge R. Michael Caldwell explained that Plaintiffs offered evidence showing the existence of over 1000 accounts holding SIB CDs through the Stanford trust and, "[a]bsent evidence from [defendants] that those 1,000 accounts were held by some substantially smaller number of people, the court finds that plaintiffs have shown that the class is so numerous that joinder is impractical." (Dec. 5, 2012 Class Certification Oral Reasons Tr., at

13, Exhibit B.)  Additionally, based on documents produced in discovery, the approximate number of account numbers is over 2000.

12. As a result, the class size exceeds 100 persons.

**B.** **Minimal Diversity Exists.**

13. The second CAFA requirement is minimal diversity -- at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

14. Here, many of the named Plaintiffs -- including Troy Lillie, who is the lead named Plaintiff -- are residents of Louisiana. (Am. Pet. ¶ 1(2).)

15. SEI Investments Company is incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania. *See* Exhibit C. Accordingly, SEI is a citizen of Pennsylvania for diversity purposes. Indeed, Plaintiffs allege that SEI is a foreign corporation. (*Id.* ¶ 2(B)-(C).)  Minimal diversity exists, and this requirement of CAFA is met.

**C.** **At Least $5,000,000 Is in Controversy.**

16. The third CAFA requirement is that the aggregate amount in controversy must exceed $5,000,000 for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Based upon Plaintiffs' allegations (which Insurer Defendants dispute, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

17. To determine the amount in controversy under CAFA, all putative class members' claims against Insurer Defendants must be aggregated. 28 U.S.C. § 1332(d)(6); *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

18. As required by Louisiana law, the Amended Petition is silent as to the precise amount in controversy. However, the amount in controversy exceeds $5,000,000, as it constitutes "all of [the] retirement life savings" of at least 1000 separate accounts. Plaintiffs claim to have

suffered "substantial financial injury" (Am. Pet. ¶ 147), and request both "actual damages" and "attorneys' fees, prejudgment interest, post judgment interest, costs of court, and such other and further relief to which Plaintiffs may be justly entitled." (*Id.* ¶ 148.)  Though interest and costs are excluded under the $5,000,000 calculation of CAFA, attorneys' fees may be included.  *See* 28 U.S.C. § 1332(d)(2).  It is reasonable to conclude that the amount in controversy exceeds $5,000,000 in the aggregate without looking any further into the Amended Petition.

19.     Moreover, Plaintiffs themselves have admitted that the amount in controversy exceeds $5,000,000.  At the class certification hearing, one named plaintiff testified that his loss alone is in the neighborhood was approximately $7,300,000.  (Exhibit D, September 20, 2012 Class Certification Hearing Tr. at 192.)

20.     The face of the Amended Petition also reveals that Plaintiffs' claims are far in excess of $5,000,000. Plaintiffs allege that the insurers Continental Casualty Company, Lloyd's Underwriters, and Indian Harbor Insurance Company "were the primary insurers providing a total of $15,000,000 in primary coverage." (Am. Pet. ¶ 91.)  They further allege that Continental Casualty Company, Nutmeg Insurance Company, Lloyd's Underwriters, and Allied World Assurance Company (U.S.) Inc. provided "the first layer of excess coverage to SEI in the total amount of $10,000,000; that Nutmeg Insurance Company, Lloyd's Underwriters, Allied World Assurance Company (U.S.) Inc., and Arch Insurance Company provided "the second layer of excess coverage to SEI in the total amount of $25,000,000"; and that Endurance Specialty Insurance Ltd., Lloyd's Underwriters, Allied World Assurance Company (U.S.) Inc., and Arch Insurance Company provided "the third layer of excess coverage to SEI in the total amount of $25,000,000." (*Id.*)  Finally, they allege an additional expanded primary policy from Continental Casualty Company of $40,000,000. (*Id.* ¶ 92.)  The total of these policies is $115,000,000.

There would be no logical reason for Plaintiffs to sue the excess carriers at all if they believed their claims to be worth under $5,000,000, since the first layer alone totaled $15,000,000 by their own admission.

21. All of the requirements of the Class Action Fairness Act are met here, and federal jurisdiction exists.

## II. IN THE ALTERNATIVE, SLUSA PROVIDES FOR FEDERAL JURISDICTION.

22. Insurer Defendants assert an alternative ground for removal under the federal Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), in an abundance of caution and without waiving any rights.

23. On January 18, 2013, the United States Supreme Court granted SEI's and others' petition for writs of *certiorari* in *Willis of Colorado v. Troice*, Case No. 12-86, a case that concerns whether SLUSA precludes state law class actions based on the sale of SIB CDs. If the Supreme Court rules that SLUSA applies, that ruling will apply to the claims here and SLUSA provides for federal jurisdiction. *See* 15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f)(2).

**WHEREFORE,** Defendants Allied World Assurance Company (U.S.) Inc., Continental Casualty Company, Arch Insurance Company, Indian Harbor Insurance Company, Lloyd's Underwriters, and Nutmeg Insurance Company respectfully request that this Court assume full jurisdiction over this action.

Respectfully submitted,

*/s/ Judy Y. Barrasso*  
Judy Y. Barrasso, 2814  
Sarah L. Rubin, 34069  
Barrasso Usdin Kupperman Freeman &  
   Sarver LLC  
909 Poydras Street, 24th Floor  
New Orleans, LA 70112  

*/s/ Seth A. Schmeeckle*  
Seth A. Schmeeckle, 27076  
Lugenbuhl, Wheeton, Peck, Rankin & Hubbard  
601 Poydras Street, Suite 2775  
New Orleans, LA 70130  
Phone: (504) 568-1990

Phone: (504) 589-9700
jbarrasso@barrassousdin.com
srubin@barrassousdin.com

*Attorneys for Allied World Assurance Company (U.S.) Inc.*

*/s/ Robert J. Burns, Jr.*
Robert J. Burns, Jr., 20735
Perry, Atkinson, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Phone: (225) 767-7730
burns@pabmb.com

*Attorneys for Arch Insurance Company, Indian Harbor Insurance Company, and Certain Underwriters at Lloyd's of London subscribing to Policy Nos. FD0805144, FD0805145, FD0805146, FD0805149*

Stefan Dandelles
Hillary A. Wegner
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Phone: (312) 704-0550
Stefan.Dandelles@wilsonelser.com
Hillary.Wegner@wilsonelser.com

*Of Counsel for Certain Underwriters at Lloyd's of London subscribing to Policy Nos. FD0805144, FD0805145, FD0805146, FD0805149*

sschmeeckle@lawla.com

*Attorneys for Nutmeg Insurance Company*

*/s/ James L. Pate*
James L. Pate, 10333
Robert E. Torian, 18468
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Phone: (337) 237-7000
jpate@ln-law.com
rtorian@ln-law.com

David H. Timmins
Gardere Wynne Sewell LLP
Thanksgiving Tower, Suite 3000
1601 Elm Street
Dallas, Texas 75201
Phone: (214) 999.4720
dtimmins@gardere.com

*Of Counsel for Continental Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon the plaintiff's counsel by electronic mail, the court's electronic system, or placing same in the United States mail, postage prepaid and properly addressed, this 11th day of March, 2013.

*/s/ Judy Y. Barrasso*