CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
By s/ PAIGE LESSOR
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
August 08, 2013

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: STANFORD ENTITIES
SECURITIES LITIGATION

| | | |
|---|---|---|
| Troy Lillie, et al. v. Stanford Trust Company, et al., | ) | |
| M.D. Louisiana, C.A. No. 13-00150 | ) | MDL No. 2099 |

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 7.1, defendant State of Louisiana Office of Financial Institutions and plaintiffs separately move to vacate our order conditionally transferring this action (*Lillie*) to MDL No. 2099. Defendants SEI Investments Company and SEI Private Trust Company ("SEI") and seven insurer defendants[1] oppose the motions to vacate, but represent that they do not oppose separation and remand under Section 1407(a) of plaintiffs' claim against the State of Louisiana. This action involves claims against SEI for its alleged role in the fraudulent sale and marketing of CDs issued by Stanford International Bank ("SIB") and against the Louisiana Office of Financial Institutions for its alleged failure to regulate the sale of SIB CDs issued by the Stanford Trust Company.

I.

After considering all argument of counsel, we find that plaintiffs' claims against SEI and the alleged SEI insurers involve common questions of fact with the actions previously transferred to MDL No. 2099, and that transfer of those claims to the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for reasons set forth in two previous orders addressing centralization. In the initial order directing centralization, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions concerning the alleged $8 billion fraud orchestrated by R. Allen Stanford through companies he controlled. We found that common factual questions involved alleged misrepresentations or omissions relating to the safety of Stanford investments. In a subsequent order, we transferred two actions alleging that SEI, in particular, made misrepresentations or omissions

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The insurer defendants are Allied World Assurance Company (U.S.), Inc.; Continental Casualty Company; Arch Insurance Company; Endurance Specialty Insurance Ltd.; Indian Harbor Insurance Company; Nutmeg Insurance Company; and Certain Underwriters at Lloyd's London.

-2-

relating to the safety of Stanford investments (primarily SIB CDs). Those actions involved many of the same plaintiffs in the *Lillie* action and similar factual allegations against SEI.[2]

In opposing transfer, plaintiffs primarily argue that the Middle District of Louisiana should be allowed to resolve their pending motion for remand, which they contend raises serious questions of subject matter jurisdiction. Plaintiffs also argue that transfer would not serve the just and efficient conduct of the litigation because of the advanced stage of the *Lillie* litigation, noting that a class was certified by the state court in December 2012, prior to its removal.

We find these arguments unpersuasive. The Panel often has held that a pending motion for remand is not a bar to transfer.[3] *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand motion to the transferee judge.[4] Furthermore, the proceedings in this action have focused on class certification discovery and briefing, but merits discovery and pretrial motions practice is not advanced.

II.

With respect to plaintiffs' claim against the State of Louisiana Office of Financial Institutions ("OFI"), we find that common factual questions will not predominate. The failure-to-regulate claim focuses on factual issues unique to OFI, with respect to the conduct of its examiners and the nature and scope of its regulatory authority.[5] Therefore, its inclusion in MDL No. 2099 is not warranted.

---

[2] *See In re: Stanford Entities Securities Litig.*, MDL No. 2099, Transfer Order, Doc. No. 65 (filed Feb. 3, 2010). Those actions subsequently were remanded to state court in April 2012 for lack of subject matter jurisdiction. *See Roland v. Green*, 675 F.3d 503 (5th Cir. 2012), *cert. granted sub nom. Chadbourne & Parke LLP v. Troice*, 133 S. Ct. 977 (2013).

[3] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

[4] The transferee judge has decided other motions for remand in MDL No. 2099.

[5] Additionally, OFI has filed a motion for remand and severance of the claims against it in the Middle District of Louisiana, asserting that under the Eleventh Amendment it is immune from suit in federal court. No party has opposed its assertion of Eleventh Amendment immunity in the underlying proceedings.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable David C. Godbey for inclusion in the coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the claim against the State of Louisiana Office of Financial Institutions is simultaneously separated and remanded to the Middle District of Louisiana.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil         Paul J. Barbadoro
Marjorie O. Rendell       Charles R. Breyer
Sarah S. Vance