IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LILLIE, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Civil Action No. 3:13-CV-03127-N |
| § | | |
| STANFORD TRUST COMPANY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# **ORDER**

This Order addresses Plaintiffs' motion to remand [Doc. 24]. Because jurisdiction is proper in this Court under the Class Action Fairness Act of 2005 ("CAFA"), and because the *Rooker-Feldman* doctrine does not apply, the Court denies Plaintiffs' motion[1] and declines to remand the case.

## **I. ORIGINS OF THE MOTION**

This dispute arises out of the alleged Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under Stanford's control (collectively "Stanford"). Plaintiffs are a class of former investors in Stanford's enterprise. Plaintiffs brought suit in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana on August 20, 2009, against SEI Investments Company ("SEI"), the State of Louisiana's Office of Financial

---

[1]The Court also denies Defendants' motion for a Rule 16 conference [109] and Plaintiffs' motion for a status conference [118] as moot.

Institutions ("OFI"), and Stanford Trust Company. On December 17, 2012, the Louisiana Court certified the class.

Plaintiffs served a First Amended Class Action Petition, naming seven additional Defendants, all of whom were insurers of the SEI Investments Company or the SEI Private Trust Company. Six of the seven additional Defendants – Allied World Assurance Company Inc., Continental Casualty Company, Arch Insurance Company, Indian Harbor Insurance Company, Nutmeg Insurance Company, and Certain Underwriters at Lloyd's of London (collectively, "removing Defendants") – filed a notice of removal in the U.S. District Court for the Middle District of Louisiana.[2] Defendants alleged removability based on CAFA, or in the alternative, the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The Judicial Panel for Multidistrict Litigation ("MDL") transferred the action to this Court as part of the pending Stanford MDL. As such, the Court inherited the pending motion to remand, alleging that the *Rooker-Feldman* doctrine barred removal under CAFA or, in the alternative, that initial removal was time-barred and the securities exceptions to CAFA found in 28 U.S.C. §§ 1332(d)(9)(A) and (d)(9)(C) precluded removal. For the reasons that follow, the Court denies Plaintiffs' motion.

---

[2]Although not named in the original notice of removal, Defendant Endurance Specialty Insurance Ltd. joins in Removing Defendants' opposition to remand. *See* Endurance's Joinder & Mem. Opp. Pls.' Mot. Remand [66]. Because the Court holds CAFA a sufficient basis for federal jurisdiction, it need not address Defendant Endurance's additional arguments suggested in that filing.

## II. THE CASE WILL REMAIN BEFORE THIS COURT

### A. The Rooker-Feldman Doctrine Does Not Apply

The *Rooker-Feldman* doctrine generally holds that the lower federal courts may not exercise subject matter jurisdiction over "appeals" from state courts. 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469.1 (2d ed. 1995). The doctrine evolved out of two Supreme Court cases decided sixty years apart. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that federal district courts hold no appellate jurisdiction over state court decisions. *Id.* at 416. Parties claiming error are instead limited to review through the proper state channels, *id.* at 415, or by the U.S. Supreme Court, *id.* at 416. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court affirmed that holding, while noting that state court action must be "judicial" in nature for the doctrine to apply. *Id.* at 476.

The Supreme Court has in recent decisions sought to limit the application of the doctrine. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court noted that *Rooker-Feldman* "has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress's conferral of federal court jurisdiction concurrent with jurisdiction exercised by state courts[.]" *Id.* at 283; *accord Lance v. Dennis*, 546 U.S. 459, 464 (2006). The Court held that *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. The doctrine applies only "after the state proceedings [have] ended[.]" *Id.* at 291.

*Rooker-Feldman* accordingly does not apply to actions removed from state court because removal of a state court action to federal court in no way constitutes an "appeal" of that action. *Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 723-24 (10th Cir. 2007) ("Proper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943))). Removal to federal court instead constitutes a continuation of the state court action, and "the federal court takes [the state action] as [though] everything done in the state court had in fact been done in the federal court." *Savell v. S Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Federal judges are free to review and modify "the interlocutory steps taken in the same case before its removal, a power that the federal court enjoys no matter the source of authority for removal." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010); *see also Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 63-64 (11th Cir. 2006) (holding *Rooker-Feldman* does not extend to cases otherwise properly removed from state court); *Reyna v. Deutsche Bank Nat. Trust Co.*, 892 F. Supp. 2d 829, 833-34 (S.D. Tex. 2012) (same); *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1222 (D.N.M. 2012) (same); *Motley v. Option One Mortg. Corp.*, 620 F. Supp. 2d 1297, 1302 (M.D. Ala. 2009) (same).

The Court thus holds that *Rooker-Feldman* does not apply here because, as will be discussed, this action was otherwise properly removed to this Court pursuant to CAFA. This action is not a collateral proceeding seeking appellate review of the state court proceeding;

this action and the state court proceeding are one and the same. *See Freeman*, 319 U.S. at 452 ("The jurisdiction exercised on removal is original not appellate."). Thus, jurisdiction in this Court is not precluded because Defendants do not seek to attack a judgment rendered in a separate and final state-court proceeding.[3]

### B. Defendants' Notice of Removal Was Timely Filed

### 1. The "First-Served" Defendant Rule Cannot Apply Absent the Rule of Unanimity

– As an alternative to *Rooker-Feldman*, Plaintiffs argue the action should be remanded because Defendants' notice of removal was not timely filed. Their argument is based on application of the "first-served defendant" rule, which imposes on *all* defendants a thirty-day window for removal, retroactive to the time at which the first defendant was served.[4]

---

[3]Even if this action was a collateral attack on the state court's class certification order, the Court would still find that the state court decision certifying the class was not sufficiently final to implicate *Rooker-Feldman*. The circuit courts interpreting *Exxon* have unanimously read it to preclude application of *Rooker-Feldman* to state court decisions that are still subject to appeal. *See Parker v. Lyons*, 757 F.3d 701, 705-06 (7th Cir. 2014); *Nicholson v. Shafe*, 558 F.3d 1266, 1278 (11th Cir. 2009); *Guttman v. Khlasa*, 446 F.3d 1027, 1032 (10th Cir. 2006); *Dornheim v. Sholes*, 430 F. 3d 919, 923-24 (8th Cir. 2005); *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajao de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005). Because the Louisiana court's class certification order was still on appeal when this case was removed, state proceedings were not sufficiently final to invoke *Rooker-Feldman*.

[4]Congress has abrogated the first-served defendant rule entirely. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2013) (amending 28 U.S.C. § 1446(b) to clarify that each defendant has its own thirty day period to remove once served). However, the amendment applies only to cases that were commenced, within the meaning of state law, after January 6, 2012. *See id.*; *Noland v. Energy Res. Tech., Inc.*, 2013 WL 177446, at *1 (S.D. Tex. 2013). This action was initially filed before the effective date, and although removing Defendants were added to the litigation after the effective date, Louisiana law provides that the commencement date here nevertheless relates back to the time of initial filing. *See* LA. CODE CIV. PROC. art. 1153;

The first-served defendant rule stems from a construction of 28 U.S.C. § 1446(b) under which the thirty-day time bar for removal begins to run from the moment the first defendant in the case is served. Because section 1446(b)(2)(A) dictates that "all served defendants must join in the [removal] petition," and the first-served defendant must file notice of removal no later than 30 days from service under section 1446(b)(1), it follows that "all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). The Fifth Circuit has adopted and applied the first-served defendant rule. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("defendants . . . could have removed the action by seeking removal within thirty days of service of the first defendant.").

At issue here is whether the first-served defendant rule applies where, as under CAFA, the section 1446(b)(2)(A) requirement that all defendants consent to removal (the "rule of unanimity") is abrogated. Whereas removal generally requires the consent of all defendants, 28 U.S.C. § 1446(b)(2)(A), CAFA does away with that requirement, permitting a single defendant to initiate removal. *See* 28 U.S.C. § 1453(b); *see also Preston v. Tenet Healthsys. Mem. Med. Ctr., Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) ("CAFA eliminates the standard requirements of unanimous consent among the defendants and the one-year removal

---

*Masson v. Champion Ins. Co.*, 591 So. 2d. 399, 403 (La. Ct. App. 1991). Section 1446(b) as amended is therefore inapplicable.

ORDER – PAGE 6

deadline."). Defendants argue that by abrogating the unanimous consent rule, CAFA necessarily abrogates the first-served defendant rule. The Court agrees.

Although, the Fifth Circuit has not yet addressed whether the first-served defendant rule should apply independently of the rule of unanimity, the Court declines to apply the first-served defendant rule where the rule of unanimity is inapplicable. The first-served defendant rule depends logically on the rule of unanimity. The Fifth Circuit has explicitly stated that the first-served defendant rule is based on the combined operation of the thirty-day limitations period, and the rule of unanimity. *See Getty Oil*, 841 F.2d at 1263. Logically, then, where the rule of unanimity does not apply, a later-served defendant seeking removal need not obtain consent of the first-served party, and the thirty day limitations period need not relate back to the time of service on the first-served party. Without the rule of unanimity, the first-served defendant rule falls apart logically. The Court therefore declines to apply the first-served defendant rule to this action. Removing Defendants were served with process on February 13, 2013, *see* Certificates of Serv. [50-5], and filed their notice of removal on March 11, 2013. The Court accordingly holds Defendants' notice of removal was timely filed.[5]

---

[5]Because the Court's holding that the "first-served defendant" rule does not apply dispenses with the timeliness dispute, the Court need not address the parties' arguments concerning whether the amended complaint constituted a "new action" or added a "new defendant" for CAFA's purposes. The Court also need not rely on *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006), and so expresses no opinion as to whether the Plaintiffs' relation back arguments would command a different result from that reached in *Braud*. *Braud* is relevant to whether joinder of a party commences a new action as to that party under CAFA. Because the Court holds the "first-served defendant" rule does not apply, there is no need to establish a new action and therefore no need to address the

### *C. The Court Has Jurisdiction Under CAFA*

CAFA provides for original federal jurisdiction in class actions when the amount in controversy exceeds $5,000,000, the plaintiff class consists of at least one hundred members, and diversity exists between any plaintiff class member and any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5). CAFA was enacted "as a result of the legislature's concerns that there were abuses in class-action practice by which state courts were 'keeping cases of national importance out of Federal court[.]'" 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469.1 (3d ed. 1998) (citation omitted). CAFA thus provides an additional avenue of removal for parties to state class actions.

***1. CAFA's Basic Requirements Are Satisfied*** – CAFA provides for federal jurisdiction over class actions where there are at least one hundred plaintiff class members, at least one plaintiff class member is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5). The removing party bears the burden of establishing federal jurisdiction. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy.") Because Defendants plead with sufficient certainty the existence of CAFA's jurisdictional requirements and Plaintiff does not contest them, the Court has jurisdiction under CAFA.

---

commencement issues discussed in *Braud*.

Defendants have shown that the Plaintiff class consists of at least one hundred members. Plaintiffs list eighty-nine named plaintiffs alone in their amended petition. Pls.' Am. Pet. [50-9] 1-2. Moreover, Judge Caldwell of the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, found expressly at the class-certification stage that Plaintiffs had established over 1000 class members. Dec. 5, 2012 Class Cert. Oral Reasons Tr. [25-1] 13. Plaintiffs do not contest Defendants' allegations. Accordingly, Defendants satisfy the minimum class size requirement.

Defendants have shown the existence of minimum diversity. Many of the named Plaintiffs, including Troy Lillie, are residents of Louisiana. Pls.' Am. Pet. 3. Defendants provide evidence that at least one Defendant, SEI Investments Company, is foreign to the state of Louisiana and is incorporated in and has its principal place of business in Pennsylvania. *See* Pls.' Am. Pet. 9; Defs.' Not. Removal Ex. C [1-5]. Plaintiffs do not contest these allegations. Thus, Defendants satisfy the minimum diversity requirement.

Finally, Defendants have shown that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Pleadings in Louisiana state courts do not specify the amount of damages requested. LA. CODE CIV. PROC. art. 893(A)(1). The Court therefore looks to the notice of removal in order to determine the amount in controversy. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992). First, at least one single member of the plaintiff class alleges personal damages of over $5,000,000. Class. Cert. Hearing Tr. 192 [25-4]. Moreover, as Defendants point out, the aggregate amount of coverage included in the insurance policies implicated by the suit exceeds $100,000,000.

Defs.' Not. Removal 7 [1]. It is thus reasonable to believe the aggregate amount in controversy is at least $5,000,000. Again, Plaintiffs do not dispute these allegations. Thus, Defendants have satisfied the amount in controversy requirement. Because Defendants produce and Plaintiffs do not contest evidence establishing satisfaction of basic CAFA jurisdictional requirements, the Court holds that the basic prerequisites for jurisdiction under CAFA are met.

*2. No Exceptions to CAFA Apply* – Plaintiffs contend that the securities exceptions to CAFA found in 28 U.S.C. §§ 1332(d)(9)(a) and (d)(9)(C) apply and preclude removal under CAFA. The securities exceptions to CAFA provide in relevant part:

> [CAFA] shall not apply to any class action that solely involves a claim –
>  (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>  (B) . . .
>  (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. § 1332(d)(9)

Plaintiffs bear the burden of proof on establishing a viable exception to CAFA. *See Preston*, 485 F.3d at 813. Plaintiffs fail to carry their burden in establishing application of either section 1332(d)(9)(A) or (d)(9)(C).

Plaintiffs fail to advance any affirmative arguments as to why section 1332(d)(9)(A) applies to this action. Rather, they allege primarily that Defendants are estopped from arguing SLUSA does not apply to this case. *See* Pls.' Mot. Remand [24-2] 27. Even if that

were the case, it would be of no necessary consequence to application of the securities exception in section 1332(d)(9)(A). Although the securities exception to CAFA and the SLUSA preclusion sections contain overlapping language, *compare* 28 U.S.C. § 1332(d)(9)(A), *with* 15 U.S.C. § 78bb(f)(1), Plaintiffs do not attempt to demonstrate that they are mutually exclusive. More importantly, whatever Defendants may have previously argued, the Supreme Court's opinion in *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (2014), established that SLUSA does not apply to this action. *See id.* at 1066 (requiring that a material connection between the alleged misrepresentation and the purchase of a covered security for SLUSA to apply). Whatever the contours of the overlap between section 1332(d)(9)(A) and SLUSA, Plaintiffs fail to carry their burden in establishing that section 1332(d)(9)(A) applies here.

Plaintiffs also fail to establish application of section 1332(d)(9)(C). Again, Plaintiffs do not advance any affirmative arguments but attempt only to distinguish preemptively Defendants' cited cases. *See* Pls.' Mot. Remand 28-29. One such case, *Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2007), is instructive. There, the Second Circuit interpreted the scope of the section 1332(d)(9)(C) CAFA exception and determined the exception was not amenable to an interpretation encompassing "any cause of action that relates to a security." *Id.* at 31. Rather, the Court read the exception as limited to claims "grounded in the terms of the security itself," not claims "that a debt security was fraudulently marketed by an insolvent enterprise." *Id.* at 32. A number of courts considering the scope of section 1332(d)(9)(C) have followed the Second Circuit's lead. *E.g.*, *Katz v. Gerardi*, 552 F.3d 558,

ORDER – PAGE 11

563 (7th Cir. 2009); *Broyles v. Cantor Fitzgerald & Co.*, 2011 WL 4737197, at *4 (M.D. La. 2011)*; Tuttle v. Sky Bell Asset Mgmt., LLC*, 2011 WL 208060, at *7 (N.D. Cal. 2011). In the absence of any contrary case law, the Court adopts the *Pew* reasoning and holds section 1332(d)(9)(C) limited to instances in which the claim arises from the terms of the security itself.

Plaintiffs' attempt to distinguish *Pew* is unavailing. Plaintiffs argue *Pew* is inapplicable because it was based on a "fraud claim" while this action is based on a negligence claim. *See* Pls.' Mot. Remand 29. However, Plaintiffs fail to cite any language in the *Pew* decision suggesting it was limited to its facts. The plain language of *Pew* limits section 1332(d)(9)(C) to claims arising from the terms of the security, regardless of whether the claim is based on fraud or negligence. Plaintiffs do not suggest an alternative interpretation and do not argue their claims here arise from the terms of the relevant securities. Plaintiffs accordingly fail to carry their burden in establishing section 1332(d)(9)(C) as an applicable exception to CAFA.

Because Plaintiffs fail to establish the applicability of any exception to CAFA, the Court holds that its jurisdiction under CAFA is proper.

## CONCLUSION

The Court holds that *Rooker-Feldman* does not preclude federal jurisdiction in this action. Furthermore, the Court holds that Defendants' notice of removal was timely, and that CAFA applies to the action. Accordingly, the Court denies Plaintiffs' motion to remand.

Signed October 6, 2014.

_____
David C. Godbey
United States District Judge