IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LILLIE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-3127-N |
| | § | |
| STANFORD TRUST COMPANY, *et al.* | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants SEI Investments Company ("SEI Investments") and SEI Private Trust Company's ("SEI Private Trust") (collectively, "SEI") motion for reconsideration or, in the alternative, certification for interlocutory appeal [180]. The Court grants in part and denies in part SEI's motion. In light of new Fifth Circuit precedent, the Court grants the motion to reconsider, vacates its previous order [174] in part, and dismisses Plaintiffs' claims regarding primary liability under the Louisiana Securities Law ("LSL"). The Court denies the motion to reconsider and denies certification for interlocutory appeal regarding Plaintiffs' secondary liability claims under the LSL.

## I. THE ORIGINS OF SEI'S MOTION FOR RECONSIDERATION

Among other claims, Plaintiffs sued SEI for primary and secondary violations of the LSL, LA. REV. STAT. ANN. §§ 51:701–51:724. Specifically, Plaintiffs allege that SEI violated sections 51:714(A), 51:714(B), and 51:712(D) of the LSL. This Court previously denied SEI's amended motion to dismiss those claims. In its amended motion to dismiss, SEI

ORDER – PAGE 1

sought to dismiss Plaintiffs' claims under § 714(A) and § 714(B) of the LSL. The Court denied SEI's motion on the grounds that Plaintiffs adequately stated claims for primary and secondary liability under the LSL. SEI now asks the Court to reconsider its Order in light of the recent Fifth Circuit case *Heck v. Triche*, 775 F.3d 265 (5th Cir. 2014), which interpreted the LSL provisions in dispute here and which was issued after briefing on the amended motion to dismiss was complete.

## II. THE LEGAL STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 54(b) empowers the Court to reconsider any order issued before judgment is entered. FED. R. CIV. P. 54(b) ("any order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties . . . may be revised at any time before the entry of a judgment[.]"); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010) ("when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'") (quoting *Lavesepere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1994) (*abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc))).

For prudential reasons, courts in this district and elsewhere have considered factors similar to those that courts would consider under the more rigorous standard of a motion to

alter a judgment under Federal Rules of Civil Procedure 59.[1]  *Dos Santos v. Bell Helicopter Textron Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (noting cases in which district courts considered for purposes of a Rule 54(b) motion "whether the movant [was] attempting to rehash its previously made arguments or [was] attempting to raise an argument for the first time without justification[.]").  However, "[a]lthough the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court."  *Id.*

---

[1]Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment after its entry when there is newly discovered evidence or a manifest error of law or fact.  Fed. R. Civ. P. 59(e); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before judgment issued.'") (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Some courts apply this standard to Rule 54(b) motions.  *See eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749–50 (E.D. Tex. 2012) (applying the factors set forth in *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) that require a showing of "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.").  While that standard may be met in this case in any event, the Court need not analyze the *Benjamin Moore* factors to resolve this motion.  That these factors have guided other courts in exercising their discretion under Rule 54(b) does not require this Court to stand pat on its previous order in this instance.  It would not be a sound exercise of discretion to pass up the opportunity to correct now what would clearly be corrected later after greater expense of time and resources.  Additionally, the more demanding post-judgment standard is justified by the interest in finality of judgments.  *See S. Constructors Grp., Inc. v. Dynalextric Co.*, 2 F.3d 606, 611.  Finality of judgments is not an interest implicated by reconsideration of interlocutory orders.  Thus, blanket imposition of this heightened standard on courts' review of their own interlocutory decisions is an unnecessary constraint in light of the prudential reasons underlying courts' general reluctance to reconsider their previous rulings without adequate justification.

### III. THE COURT GRANTS IN PART AND DENIES IN PART SEI'S MOTION

The Court reconsiders in part its prior ruling in light of the controlling authority of *Heck*.[2] Accordingly, the Court reconsiders, vacates its previous order in part, and now grants SEI's motion to dismiss Plaintiffs' claims regarding primary liability under the LSL. The Court denies the motion to reconsider and denies certification for interlocutory appeal regarding Plaintiffs' secondary liability claims under the LSL.

#### A. *The Court Grants SEI's Motion to Reconsider as to Primary Liability*

The Court reconsiders and reverses its previous determination that Plaintiffs have alleged sufficient facts to support their claims for primary liability under the LSL. Under the Fifth Circuit's controlling interpretation of the LSL, Plaintiffs have not alleged sufficient facts to support their claim that SEI was a "seller" of Stanford securities. "Seller" status is a prerequisite for primary liability under the LSL; accordingly, Plaintiffs have not alleged sufficient facts to support their claims for primary liability under the LSL.

Plaintiffs' claims rely on the possibility that the "substantial factor" test applied in determining primary liability under the LSL. In initially denying SEI's amended motion to dismiss Plaintiffs primary liability claims, the Court noted that Plaintiffs had provided no

---

[2]Reconsideration of the Court's previous Order in light of *Heck* is consistent with the Court's authority and is well within prudential norms. SEI's request is not grounded in "rehashing previously made arguments" or "raising a new argument for the first time without justification." While SEI's argument regarding its lack of seller status and thus primary liability is structurally the same as in its previous amended motion to dismiss, *Heck* provides the legal support for SEI's conclusions that was initially lacking. In light of the legal authority brought to the Court's attention after briefing was complete, reconsideration is not only within well within the Court's discretion under Rule 54(b) and the attendant case law, but consistent with the underlying purpose of reconsideration as a judicial tool.

ORDER – PAGE 4

"relevant authority establishing that the 'substantial factor' test applies to the LSL[.]" However, the Court concluded that there was also insufficient authority for SEI to meet its burden of establishing that the "substantial factor" test did *not* apply. Accordingly, the Court denied SEI's amended motion to dismiss because "the Court [was] unprepared to conclude that the 'substantial factor' test is inappropriate under the LSL's primary liability provisions" without further authority. Order Denying Def.'s Am. Mot. Dismiss 7 [174].

The Fifth Circuit has now provided such authority. In *Heck*, investors sued Triche, an accountant, and others for violations of the LSL, among other claims. *Heck*, 775 F.3d at 268–70. After a jury found Triche liable for violating the LSL, Triche appealed, challenging the sufficiency of the evidence against him. In addressing this challenge, the Fifth Circuit construed § 714(A) – the same LSL provision regarding primary liability that Plaintiffs claim SEI violated. "Section 714(A) imposes liability on 'any person who violates Section 712(A)," and section 712(A) makes it unlawful for a *seller* to violate the LSL's provisions. *Heck*, 775 F.3d at 282. "Because there is a dearth of law interpreting the definition of a seller under the state statute, we look to federal law interpreting the Louisiana law's model, Section 12(2) of the Securities Act of 1933." *Id.* (citing *State v. Powdrill*, 95–2307 (La.11/25/96), 684 So.2d 350, 354).

Based on its analysis of § 712(A)'s federal law model, *Heck* concludes that the test for whether a defendant is a "seller" is the test set forth in *Pinter v. Dahl*, 486 U.S. 622 (1988). *Id.* Under this test, courts conduct "a two-step inquiry to determine if a defendant is a 'seller' within the meaning of the statute: '(1) who passed title to the purchaser or

ORDER – PAGE 5

solicited the title-passing transaction; and (2) from whom did the plaintiff buy the security?'" *Id.* (quoting *Ins. Co. Of N. Am. v. Dealy*, 911 F.2d 1096, 1101 (5th Cir. 1990) (applying the rule articulated in *Pinter*)). Applying this test, the Fifth Circuit found that Triche, as an accountant who had neither solicited the plaintiffs nor sold securities to the plaintiffs, was clearly not a "seller" of the securities under the LSL. *Id.*

*Heck*'s test for "seller" status does not include the "substantial factor" test. However, Plaintiffs in the instant case argue that *Heck*'s failure to explicitly mention or overrule the "substantial factor" test shows that it is still *possible* that the "substantial factor" test would apply. Pls. Mem. Opp'n Def.'s Mot. Recons. 4–5 [190]. The Court disagrees. First, it is unlikely that the Fifth Circuit would have ignored an alternative test for determining "seller" status in concluding that a defendant was not a "seller" under the LSL. The Fifth Circuit was clearly aware of the case on which Plaintiffs base their argument that the "substantial factor" test applies, as the *Heck* opinion repeatedly cites *Solow v. Heard McElroy & Vestal, LLP*, 44,042 (La.App. 2 Cir. 4/8/09); 7 So.3d 1269, throughout other sections of the opinion. *See Heck*, 775 F.3d at 284–85. However, as an intermediate court opinion, the Fifth Circuit was not required to give *Solow* any deference in making an "*Erie*" guess" as to how the Louisiana Supreme Court would decide the question. *See Gulf and Miss. River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488–89. Additionally, based on *Heck*'s reliance on *Pinter* – which expressly rejected the "substantial factor" test for determining "seller" status under federal securities law, *see Pinter*, 486 U.S. at 648–55, – it is reasonable to conclude that the

Fifth Circuit considered the "substantial factor" test inapplicable and thus irrelevant to its analysis of the LSL.

Based on *Heck*'s test for determining whether a defendant is a "seller" under the LSL, plaintiffs seeking to impose primary liability under the LSL must plead that the defendant either (1) passed title to the purchaser or solicited the title-passing transaction or (2) sold the securities to the purchaser. *Heck*, 775 F.3d at 282. As detailed in the Court's previous Order, Plaintiffs here do not sufficiently allege that SEI meets either of these requirements. Order Denying Def.'s Am. Mot. Dismiss 2–3, 6–7 [174] Accordingly, SEI has made the required showing under Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs primary liability claims against SEI are dismissed.

### B. The Court Denies SEI's Motion to Reconsider as to Secondary Liability

The Court declines to reconsider its previous determination that Plaintiffs have alleged sufficient facts to support claims for secondary liability under the LSL. As explained in the Court's previous order and in *Heck*, secondary liability under § 714(B) hinges on the degree of control a defendant exercised over a primary violator. Order Denying Def.'s Am. Mot. Dismiss 8 [174]; *Heck*, 775 F.3d at 282–83. For the reasons explained in the Court's previous order, Plaintiffs have alleged that SEI had significant influence over Stanford Trust Company ("STC"), the alleged primary violator. Order Denying Def.'s Am. Mot. Dismiss 7–8 [174]. *Heck* did not change this analysis. Accordingly, the Court denies SEI's motion to reconsider as to secondary liability.

The Court also denies SEI's request to certify the decision as to secondary liability for interlocutory appeal. Interlocutory appeals are permitted by statute for certain specific decisions; this is not one. 28 U.S.C. § 1292(a). Under section 1292(b), district courts may certify for interlocutory appeal an order involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court's Order denying SEI's motion to dismiss Plaintiffs' secondary liability claims does not meet this standard. The extent to which SEI controlled STC is a fact question, not a legal one. Having met the pleading standard, it remains for Plaintiffs to show that the facts meet the legal standard for secondary liability – a legal standard as to which there is not a "substantial ground for difference of opinion." Finally, while it is true that an appellate reversal of this Court's order denying SEI's motion to dismiss as to secondary liability would likely terminate the litigation, such is always the case regarding Rule 12(b)(6) motions; yet Congress reserved interlocutory appeals to a narrow class of questions – a class to which Rule 12(b)(6) decisions do not belong. Accordingly, the Court denies SEI's request regarding certification for interlocutory appeal.

## CONCLUSION

The Court grants the motion to reconsider, vacates its previous order in part, and dismisses Plaintiffs' claims regarding primary liability under the LSL. The Court denies the motion to reconsider and denies certification for interlocutory appeal regarding Plaintiffs' secondary liability claims under the LSL.

Signed September 22, 2015.

_____
David C. Godbey
United States District Judge