UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TROY LILLIE, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. 3:13 CV 3127 |
| | * | |
| | * | JUDGE DAVID C. GODBEY |
| STANFORD TRUST COMPANY, | * | |
| ET AL. | * | MAGISTRATE D. GORDON BRYANT JR. |

*****************************************************************
**PLAINTIFFS' REPLY MEMORANDUM TO SEI'S RESPONSE
TO PLAINTIFFS' 56(D) MOTION (ECF 269)**

Plaintiffs, **TROY LILLIE, *ET AL.*** ("Plaintiffs", or "IRA Plaintiffs"), present this Reply Memorandum in response to SEI's Opposition to Motion to Obtain a Continuance Under Rule 56(D) (ECF 269). SEI's Memorandum in Opposition ignores the bedrock principles of discovery and that Rule 56(d) prevents a nonmoving party from being railroaded into summary judgment by a premature motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).[1]

Plaintiffs propounded interrogatories on SEI on June 6, 2018 to determine who had knowledge of specific issues. (ECF 262, p. 47-134). The responses of SEI were inadequate. Because of the inadequate responses, Plaintiffs requested a status conference with the Court, which was held on July 27, 2018. The Court, at the status conference dated July 27, 2018, suggested that a 30(b)(6) deposition be taken to address the concerns on the adequacy of the interrogatory responses. Further, the Court stated it would determine whether the Magistrate in the Northern District of Texas would participate in setting the discovery orders or whether the case would be transferred to the United States District Court for the Middle District of Louisiana. The Plaintiffs

---

[1]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986):

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Page 1

followed the suggestions of the Court and noticed the deposition on September 21, 2018. Items 1 to 12 of the Exhibit 1-Notice of Deposition listed certain questions about the "Lillie Discovery Documents" as subjects for the deposition. (*See* ECF 262, p. 34-35). The "Lillie Discovery Documents" are specifically defined to be documents relating to the subject matter of the Interrogatories, which were the subject of the status conference on July 27, 2018 with the Court.[2] After having six weeks to prepare for the deposition suggested by the Court, SEI tendered a representative that made no inquiry on the issues presented in the notice relating to the "Lillie Discovery Documents" described in the Interrogatories. (*See* original motion; ECF 261, p. 19). It is very difficult if not impossible for SEI to argue that asking questions about who may have knowledge of the Lillie Discovery Documents described in the Interrogatories was not the noticed subject of the deposition when it is clearly defined in the notice and was the subject of the July 27, 2018 status conference.

1.  SEI first argues that the Rule 56(d) Motion is defective because Plaintiffs do not identify specific facts that are subject to additional discovery. The whole fact of the matter is no discovery has occurred in the litigation because of the stonewalling of SEI. First, SEI and Plaintiffs have not been able to reach an agreement on the list of custodians for electronic search for documents, because SEI refuses to inquire within its organization as to who has knowledge of key issues and who would be in possession of documents. The 30(b)(6) witness of SEI tendered for this precise purpose admitted there had been no inquiry on these key issues. No discovery order has been entered based upon the uncertainty of whether the Magistrate Judge in the United States

---

[2] Ex. 1 defines "Interrogatories" to be the seven sets of interrogatories propounded on SEI Investments Company by Merrill Laplante, Rodney Starkey, Leah Farr, Daniel Landry, Fred Demarest, William Dawson, Ralph D'Amore on June 7, 2018." (*See* ECF 262, p. 34). It should be noted the "Ex." references herein are to those items filed at ECF 262 on October 15, 2018 in the "Appendix in Support of the IRA Plaintiffs' Memorandum in Opposition to the Motion for Summary Judgment of SEI (ECF 249), or In The Alternative, Motion to Obtain A Continuance Under Rule 56(D) Until Discovery Is Commenced and Substantially Completed".

District Court for the Middle District of Louisiana or Northern District of Texas would implement the order.

2. SEI accumulated documents in 2009 relating to the Stanford relationship at the time the SEC filed the receivership action. ("2009 Documents"). Despite numerous requests, SEI has refused to (i) provide the 2009 Documents in the class certification; (ii) provide a person to testify about the scope and contents of the 2009 Documents and which individuals were the sources of the documents; (iii) describe the 2009 Documents in Rule 26 disclosures, and (iv) provide a corporate representative that can testify as to how the 2009 Documents were gathered. (*See* pages 20-21 of ECF 261). It is difficult if not impossible for SEI to represent to the Court that adequate discovery has occurred when no steps have been made to provide access or describe the 2009 Documents and its 30(b)(6) witness did not know who had been contacted to contribute documents for what time periods or what questions had been asked to gather the documents.

3. SEI makes the meritless argument that the discovery in the state class certification proceeding is sufficient for the Court to rule on its control person liability issue. Notwithstanding this unsupported assertion, SEI does not contest the completeness or accuracy of the procedural history of the state court judge not requiring them to produce documents that related to the SEI/Stanford relationship in the class certification hearing argued by Plaintiffs. (*See* ECF 261 at pages 25-26). It is clear that SEI objected to this discovery in the state court proceeding, and the court barred Plaintiffs from access to these documents relating to the Stanford/SEI relationship.

4. SEI makes the meritless argument that the questions posed on the subjects of the interrogatories was beyond the scope of the notice of the 30(b)(6) deposition. First, the reason for the July 27, 2018 status conference was Plaintiffs' desire to obtain adequate response to their Interrogatories. That is the reason the Court suggested the 30(b)(6) deposition at the July 27 status

conference so Plaintiffs could determine who had been contacted to respond to the interrogatories and the basis for the responses. Further, the subjects to be covered in the deposition were clearly described in the notice of deposition. Items 1 to 12 of the Exhibit 1-Notice of Deposition asks certain questions about the "Lillie Discovery Documents". (ECF 262, p. 34-35). The "Lillie Discovery Documents" are specifically defined to be documents relating to the subject matter of the Interrogatories, which were the subject of the status conference on July 27, 2018 with the Court. The questions were based upon the subjects in the interrogatories. The questions all related to who has SEI made inquiry of to determine the corporate knowledge of the key issues set forth in the interrogatories. Based upon Mr. Allen's testimony, it turns out that SEI, and its corporate representative, had performed no inquiries on most subjects.

Each of Items 1 to 12 on Exhibit 1 to the Notice of Deposition references subjects concerning the "Lillie Discovery Documents". Exhibit 1 to Notice, Definition 11 reads, "The term 'Lillie Discovery Documents' means the SEI documents relating to the subject matter described in the Interrogatories.; Definition 12 reads, "Interrogatories" refers to the seven sets of interrogatories propounded on SEI Investments Company by Merrill Laplante, Rodney Starkey, Leah Farr, Daniel Landry, Fred Demarest, William Dawson, Ralph D'Amore on June 7, 2018." (ECF 262, p. 34). In the course of the questioning of Mr. Allen, he stated that he understood this as being the scope of the deposition.[3]

> **Q**. Have you reviewed the subjects of the questions in the seven sets of interrogatories in preparation for your testimony today?
> **A**. Yes, I have.
> **Q**: Which of the subjects set forth in the seven sets of interrogatories have you not made an inquiry for to determine the location and custodian of the documents, if any?
> **Mr. McCarthy**: Objection to the Form.
> **The Witness**: I did not use the interrogatories in preparation for the determination

---

[3] *See* Ex. 3, 30(B)(6) deposition of SEI through Tod R. Allen (ECF 262, p. 45; sealed at ECF 267); ECF 267, pg. 61-62, ln. 24-12; pg. 108, ln. 15-21.

of documents that were preserved as part of this preparation. (pg. 60-61, ln. 24-12)

\*\*\*

**Q.** Before making any of your inquiries in preparation for your testimony today, did you review the interrogatories as Exhibits 2-8 in this deposition to determine the scope and subject matter that the Lillie Plaintiffs were inquiring about?
**A**. I did read the interrogatories. (pg. 107, ln. 15-21)

Despite this knowledge, Mr. Allen was unprepared to address the questions.

SEI suggests that Plaintiffs have had all of this time to conduct substantive discovery. Several procedural impediments occurred over the course of this litigation preventing substantive/ merit based discovery from occurring.

**A. Limitation on Merits Discovery in State Class Certification Hearing**. The State Court Proceeding was limited to class certification and did not constitute substantive, merit based discovery. (2009-2015). In Judge Caldwell's Oral Reasons for Judgment, at pg. 3, the state district court noted, "In 2010, when discovery on the class certification issue was first undertaken, SEI successfully blocked discovery on issues going to any alleged duty on its part based upon jurisprudence that held that class certification was clearly a procedural issue and no determination of the validity or even the existence of a cause of action was to play any part in that determination. Likewise, the merits of the claim were not to be considered." *See* **Ex. 11** (ECF 262, p. 187-188).

**B. Rule 26 Document Disclosure**. The Plaintiffs learned that SEI had segregated Stanford documents immediately after the receivership lawsuit was filed by the Securities and Exchange Commission on February 17, 2009. ("2009 Documents").[4] SEI would never provide Plaintiffs access to these documents or disclose the contents and indexes of the 2009 Documents in spite of the requirements of Rule 26(A).[5] SEI still has not as of today.

---

[4] PG ID 480 in **Ex. 4** (ECF 262, p. 46; sealed at ECF 267-1, p. 5 (p. 222)).

[5] *See* fn. 1.

**C. Scope of State Class Action Discovery**. SEI has mischaracterized the status of discovery to this Court by stating, "Plaintiffs and SEI have taken 21 depositions, and over 100,000 pages of documents have been produced." Plaintiffs have taken two depositions of Mr. Larry Britton (**Ex. 17**, September 2010, ECF 262, p. 267-278) and Mr. Al Delpizzo (**Ex. 19**, September 2010, ECF 262, p. 280; sealed at ECF 267-3), and both were narrowly tailored to issues of class certification. Secondly, SEI objected at the time of the class certification to documents that are evidence of the relationship between SEI and Stanford. The court determined that the documents were not relevant to the class certification proceedings and did not require SEI to produce the documents. (*See* **Ex. 16**, Ruling of Judge Caldwell at February 1, 2011 Hearing, page 9; ECF 262, p. 260).

**D. SEI Has Admitted That Full Merits Discovery Should Be Completed**. The case was stayed while the case was pending before the United States Supreme Court in *Chadbourne & Parke LLP v. Troice*, 134 S.Ct. 1058 (2014). SEI argued for a continuing stay of the proceeding while the case was being considered by the Fifth Circuit and the United States Supreme Court. To obtain this stay, SEI argued that full merits discovery was required and could not be completed until the United States Supreme Court ruled in the *Chadbourne* case.[6] After the stay was granted and the case transferred to the MDL proceeding, and a four year delay occurred, SEI has reversed course

---

[6] In responding to the Court's request, on August 29, 2014, SEI acknowledged that full merits discovery had not been initiated, and that SEI favored a stay by stating:

> …*as a practical matter full merits discovery cannot be conducted* because of the need for discovery from various Stanford entities (Stanford International Bank, Stanford Group Company, and Stanford Trust Company) and the Receiver, as to which discovery apparently is stayed by Paragraph 9(a) of the Order.

(ECF 130, pg. 1) (Emphasis added).

and stated that full merits discovery is not required. It is an argument of convenience and just a matter as to what suits their "taste" on any day.

## CONCLUSION

The stalemate on document production remained until the recent status conference with the Court on July 27, 2018. At the conference, the Court suggested[7] that the Plaintiffs take the 30(b)(6) deposition of the document custodian of SEI to determine what documents existed in the Lillie Discovery Documents described in the Interrogatories and who had knowledge of the documents. The stalemate continues after the lack of responses of the 30(b)(6) witness at this deposition held on September 21, 2018. Obviously, the discovery game being played by SEI is to limit the scope of inquiry based upon its defense of the case and provide information based upon what the SEI, acting as the court, deems relevant and not provide the information requested by the Plaintiffs.

No discovery order has ever been entered in this case. Plaintiffs believe the intervention of the Magistrate is required to advance the case given the continuous stonewalling of SEI. Further, Plaintiffs agree with the Court that the jurisdiction which ultimately decides the case should be the Court making these key rulings.

Plaintiffs pray that this Court deny SEI's Motion for Summary Judgment, or in the alternative, grant a continuance on the further briefing of the issue until a discovery order has been put in place, the Magistrate designated to assist in discovery, and Plaintiffs have been afforded reasonable time to conduct discovery.

                                              Respectfully submitted by:

                                              **PREIS GORDON, APLC**

                                              *s/Phillip W. Preis*
                                              Phillip W. Preis (La. Bar Roll No. 10706)

---

[7] *See* **Ex. 1**, ECF 262, p. 16, July 27, 2018 Transcript, pg. 12, ln. 6-8. Court: "And maybe you need to do a 30(b)(6) deposition of the person most knowledgeable of the universe of documents and just start somewhere."

Post Office Box 2786 (70821-2786)<br>
450 Laurel Street, Suite 2050 (70801-1817)<br>
Baton Rouge, Louisiana<br>
Phone: (225) 387-0707<br>
Fax: (225) 344-0510<br>
Email: phil@preislaw.com<br>
**Counsel for Lillie Class**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of November, 2018, I served copies of the foregoing pleading upon all counsel via electronic mail, the Court's electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed.

s/Phillip W. Preis
Phillip W. Preis